### NEWSOME & DUTTON v. BRAZELL & ALEXANDER.

1. Where a buyer takes possession of certain property included in a written conveyance, and the seller suing for the price of a portion thereof testifies that the contract covered the articles, but he did not intend to sell them, but did not tell the purchaser, a verdict for the plaintiff is contrary to law and the evidence, and a new trial should be granted.

2. Where individual property of one of the partners was included in that conveyed by the partnership deed, he would be estopped by his signature thereto from setting up title in himself, if the purchaser under the circumstances was justified in believing that the same was included in the sale.

3. In a suit by a partnership the value of property belonging to one member of the firm can not be recovered from the defendant.

Argued July 15, — Decided August 13, 1903.

Certiorari.    Before Judge Evans.    Tattnall superior court. January 1, 1903.

Brazell & Alexander sued Newsome & Dutton, in the city court of Tattnall county, on an open account, a part of which was for a half-barrel of glue and certain spirit barrels and bundles of hoop iron.    The trial resulted in a verdict against the defendants, and by petition for certiorari they complained that the verdict was contrary to law and the evidence, and that the court erred in certain rulings.    The certiorari was overruled, and they excepted.    From the evidence it appeared that the plaintiffs sold to the defendants

a turpentine plant and other property, described in a deed executed by the vendors to the vendees at the time of the sale. The articles mentioned above were on the premises at that time, and the defendants contended at the trial that they were a part of the property sold. The plaintiffs denied that they were included in the sale. The deed described the property sold as "the real and personal property and leases constituting the naval stores farming and manufacturing plant of the parties of the first part and located in Tattnall county, Georgia, to wit:" certain land described, "and also all the following described personal property located on the said tract of land . . used and intended to be used by the parties of the first part in and about their naval store business carried on in Tattnall county, Georgia." Here followed a list which included shops, tools, stills, dip barrels, "and all heading staves, barrels, and other utensils, implements, and material located on said naval stores farm," certain horses, wagons, etc., and certain leases; after which was this clause: "It is the purpose and intention of the parties of the first part by this conveyance to convey and transfer to the parties of the second part all their naval stores farm and business in Tattnall county, Ga., except certain dip and rosin and turpentine manufactured or now in the process of manufacture, and two leases which are not described in this indenture; and this conveyance and transfer is intended to cover and convey the entire naval stores plant and business aforesaid, whether the same be herein particularly described or not, with the exception of the items hereinbefore set out." Brazell, one of the plaintiffs, testified: "The articles we are suing for we called stock in trade. We did not intend to sell these articles, but we did not tell Newsome & Dutton so. The contract between us covered the articles we are suing for, or could cover them; hence the contract does not state the truth of the trade." This testimony was objected to as varying the written contract, and as not authorized by the pleadings; and the overruling of the objection was one of the grounds of the petition for certiorari.

*W. T. Burkhalter* and *James K. Hines,* for plaintiffs in error.

LAMAR, J. It is not apparent why the defendants should have objected to plaintiffs' testimony, that the articles were included in the bill of sale, and that the defendants did not know of plaintiffs'

intention not to include them.    Whether this evidence was admissible or not, it showed that the goods were sold, and that the plaintiffs were not entitled to recover for them. The verdict was contrary to the law and the evidence.

Plaintiffs also sought to recover in this suit the value of certain tools which were alleged to be the individual property of Alexander. If these tools were on the premises, and the buyer understood that they were included in the property bought, Alexander would be estopped by his signature to the partnership deed from setting up title in himself.    Besides, in a suit by the partnership, he could not recover the value of his individual property.

*Judgment reversed.    By five Justices.*